By the Court.
This is a proceeding in error to review the judgment rendered in favor of the plaintiff below for injuries alleged to have been caused by the negligence of the defendant below in maintaining an unsafe lid over a coal-hole in a public street. The jury returned a verdict against the defendant in the sum of $1,0(00. and judgment in that amount was entered. Plaintiff’s hand was injured, apparently only slightly, but later there developed a stiffening of two fingers that left his hand permanently distorted. The evidence was conflicting as to whether he had consulted a physician.
The principal errors complained of are the failure of the court to give the special charge as follows:
“The court charges the jury that if you believe from the evidence in this case that the plaintiff was injured as alleged in Ins petition, and that sometime after his injuries, if you find *480 from the evidence that he was injured, the plaintiff found that the fourth and fifth fingers of his left hand were affected and were beginning to contract, then I charge you that it was the duty of the plaintiff to use ordinary care and prudence under all the circumstances, to take care of himself and his wounds; and I further charge you that if a reasonably prudent man under the same or similar circumstances would have consulted a physician or surgeon, and if you find from the evidence that the plaintiff did not consult a physician or surgeon, then I charge you that the plaintiff failed to use that degree of care and prudence to take care of himself and his injuries, which the' law which I have already stated required him to do; and I further charge you that the defendant in this case can not be held responsible for the failure of the plaintiff in this respect, if you find from the evidence in this ease that there was such failure, on the part of the plaintiff.”
The charge is inconsistent with the rule laid down in Toledo v. Radbone, 3 C. C. (N. S.), 382, affirmed 68 Ohio St., 687, and the refusal to give, it was not error.
Counsel for the defendant requested the court to submit to the jury the following special interrogatory:
‘‘What act or acts of negligence on the part of the defendant, if any, you find, have been proved by the evidence in this case, proximately- caused the injuries complained of by the plaintiff?”
The request for the instruction did not contain the condition that the questions should be answered in case a general verdict should he rendered. The court, therefore, was not bound to give it. (Gale v. Priddy, 66 Ohio St., 400.) It was not the character of question intended by Section 11463, General Code, to he submitted. That section does not require the submission lo the jury of questions whose purpose is only to ascertain the mental processes by which the jury may arrive at the conclusions of fact. Cleveland & Elyria Elec. Rd. Co. v. Hawkins, 64 Ohio St., 391.
The judgment will be affirmed. .
Sttohl, P. J., Hamilton and Cushing, JJ., concur.